**Christopher Henry DERAGON,**
**Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Director;**
**et al., Respondents–Appellees.**

No. 06–16146.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Christopher Henry Deragon, Folsom, CA, pro se.

Edward S. Alameida, Jr., Director, Laura Wetzel Simpton, Esq., AGCA, Sacramento, CA, for Respondents–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM **

California state prisoner Christopher Henry Deragon appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition on the merits. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Deragon contends that police detectives improperly coerced him to execute a waiver of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), during custodial interrogation at a police station which followed a prior statement to the police at his parents' house. We conclude that the state court's determination that Deragon was not in custody at the police station was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983) (per curiam) (station house interrogation, coupled with statement that defendant was not under arrest, did not constitute custody under *Miranda*). Nor was it an unreasonable application of clearly established federal law to conclude that, even if Deragon was in custody, he knowingly and voluntarily waived his rights under *Miranda*. *See Oregon v. Elstad*, 470 U.S. 298, 312–13, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) (concluding that a written confession at a station house was not rendered inadmissible as a result of prior questioning at defendant's home, in which he confessed his involvement in the offense); *cf. Missouri v. Seibert*, 542 U.S. 600, 620–21, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004) (Kennedy, J., concurring).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

